UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No: 1:24CR00047-001 |
| Plaintiff, | : | (Judge Barrett) |
| -vs- | : | |
| ANTONIO WHITE, | : | |
| Defendant. | | |

## DEFENDANT'S SENTENCING MEMORANDUM

### I.  INTRODUCTION

NOW COMES the defendant, Antonio White, by and through counsel, who respectfully submits this Sentencing Memorandum for the Court's consideration.

Mr. White is asking that the Court grant a sentence of 24 months or less in prison, or in the alternative and perhaps more appropriately a term of probation. This would be a departure or variance from the guidelines, but in compliance with the plea agreement, in which the sentence is left to the discretion of the court. Such a sentence is sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a) and the history and characteristics of the defendant.

### II.  DETERMINING THE SENTENCE

The United States Sentencing Guidelines are advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005). Once the appropriate advisory Guideline range is calculated, the district court throws this ingredient into the section 3553 (a) mix. *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006), see also *Rita v. United States*, 127 S. Ct.

1

2456 (2007). See *United States v. McBride*, 434 F.3d 470, 475-76 & n.3 (6th Cir. 2006). The focus in evaluating reasonableness is on the factors set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct.738, 160 L.Ed.2d 621 (2005).

A. Application of 18 U.S.C. § 3553(a) Statutory Sentencing Factors

**1. (a) Nature and circumstance of the offenses**

From April 10, 2024, to April 25, 2024, Mr. White attempted to traffic in firearms, including a "ghost gun." Undercover ATF agents and a CI purchased the weapons.

**(b) History and characteristics of the defendant**

Mr. White was born in 2005 and was only 18 years old when this occurred. His parents were never married and his brother is incarcerated.

His childhood was troubled and he had no advantages in life. His mother was only 14 years old when he was born, and she had mental health issues and anger issues. She often beat him with extension cords. He witnessed violence and crime often, both in his neighborhood and in the household. His parents were violence to each other in front of him, and he was often in the presence of drugs and weapons in his own home when his parent's associates came over.

Eventually this led to the involvement with Hamilton County Job and Family services and he was placed with his grandmother for some time. He said his grandmother did as best she could. His parents now live in Alabama.

His neighborhood is dangerous. In 2023 he was shot in the arm during a drive by shooting while he was at a party.

Mr. White developed anger issues and mental health issues as well. He made numerous trips to Children's Hospital Behavioral unit. He has had suicidal ideation starting at age 12, and often ran away after he was beaten with a belt. He was diagnosed ADHD and ODD, schizoaffective disorder bipolar type I mania with psychosis. He has been in the behavioral unit for crisis stabilization several times.

In 2020 the Children's Hospital psychiatric department examined him over five days, and noted he had impulsivity, poor self-awareness, and poor judgment. The exam also noted he is difficult to understand when speaking and has been evaluated by a speech language pathologist.

Physically, he has a lot going on as well. He has been treated at the emergency department for injuries after his mother struck him with metal objects, and for hitting a wall after an altercation with her. He also has significant issues with seizures, is diagnosed with epilepsy, and takes medication for it. He also has some chest pain and shortness of breath. He says, "My heart isn't right. When I try to sleep it pounds."

Mr. white is unmarried and has no children.

**The need for the sentence imposed:**

  a. **to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**
  b. **to protect the public from further crimes of the defendant; and**
  c. **to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

Mr. White understands he is facing a potential prison sentence. He understands the seriousness of illegally selling firearms.

Mr. White has been on strict home detention since the detention hearing when the case began. He lives with his grandmother DaShowna White, his uncle, and young cousin. Mrs. White said as Antonio has gotten older he has settled down through this, and is very helpful at her home. She said it is very difficult thinking of him in prison. She feels that he has been scared straight, that the therapy he has been doing is very helpful, and he should continue doing that.

Since he has been out under pretrial supervision, he has been in therapy and also attends the IKRON rehabilitation center. He was diagnosed with major depressive disorder, anxiety disorder, post traumatic stress disorder, and adjustment disorder. He has been actively participating in counseling. The reports noted he is making modest progress and is stable.

Mr. White had been nothing but polite during this process. While he is certainly legally competent, he is of limited understanding. He comes across as naïve, enthusiastic, and smiling, like a young teenager would present to someone. While he understands and admits his guilt and culpability in this case, it does appear that he may have been taken advantage of by a more sophisticated person in getting him involved.

The public will be protected by a sentence of a sentence of probation.

### The kinds of sentences available

Mr. White understands he faces a potential prison sentence. He respectfully requests a term of probation. Since counts 5 and 7 are class C felonies, and count 8 is a class D, he is in fact statutorily eligible for probation of not less than 1 and not more than 5 year. 18 U.S.C. ¶§ 3561 (c )(1), see also psr ¶112.

If this honorable court feels prison is necessary then he would request a departure or variance based on his youth and mental health, and a 24 month or less term of imprisonment.

**The Advisory Guidelines Range – objections are calculations are too high via the specific offense characteristics**

According to U.S.S.G.§2K2.1, the base offense level for Count 5 attempted trafficking in firearms is 20. There are three special offense characteristics added on in the pre-sentence investigation: (1) under §2K2.1(b)(1)(B), 4 points are added if there were more than 8 but less than 24 firearms; (2) under §2K2.1(b)(4) 2 points are added if any firearm was stolen; and (3) under §2K2.(b)(5)(C )(i)(III), 5 points are added if the defendant knew the firearms would be used by the individuals receiving them unlawfully. After adjustments for responsibility, the total offense level at 28. Mr. White has no adult convictions and his Criminal History Category I. The advisory guideline range is 78 to 97 months. The statutory maximum on count 8 is 60 months, and count 8 must be consecutive to other prison terms if prison is imposed.

As a preliminary matter, Mr. White does not object to the +4 for the quantity of firearms. However, he does object to two special offense characteristics. First, in ¶ 32, it states that pursuant to USSG §2K2.1(b)(4)(B)(4)(A), add two levels if defendant knew any firearm involved was stolen. There is no information that Mr. White, who certainly was not the mastermind of the operation, had any idea that the guns were stolen.

Second, in ¶ 33, pursuant to USSG §2K2.1(b)(5)(C)(i)(III) , 5 levels added if the defendant knew that the buyer was going to dispose/sell the firearms to someone who was going use them unlawfully. Mr. White had no knowledge of what the undercover

5

buyers were saying was true or not, nor is there any showing he relied on that in any way. Further, the buyer's utterance could have been interpreted by Mr. White as a puffing statement or braggado during the sale.

As to both of those special offense characteristics, while Mr. White is certainly competent, he is young, not educated, and no way a "sophisticated seller." There is no evidence that he had any knowledge that a firearm was stolen or that he had any idea what the buyer was doing with them. These two enhancements over-represent what he did and what he pled to, and effectively results in double counting for what happened for the exact same exactions. Adding the 7 points on the two objected offense characteristics results in an over represented guideline level.

It is Mr. White's position that based on the above, the adjusted offense level should not be 28 as in the report, but rather a 21. This would be from the unobjected to base level 20 (¶30), then the unobjected to +4 for qty (¶31), less 3 for acceptance, for an adjusted offense level of 21. The guideline range would then be 37-46 months, rather than 78 to 97.

**3. Any Other Policy Statement – request for departure/variance**

A departure is warranted due to Mr. White's age. Under §5H1.1, the defendant's youthfulness at the time of the offense is relevant for a departure. Mr. White had the risk factors mentioned there, including environment, adverse childhood experiences, and family relationship's. Mr.White was only 18 at the time of the offense. Youthful individuals are more impulsive and susceptible to outside individuals, which seems to be what happened here. And youthful individuals are more amendable to rehabilitation. Mr. White is on house arrest and has been attending therapy.

6

Further, a variance is in order as Mr. White has been diagnosed with numerous mental health conditions, and went the emergency department of Children's Hospital numerous times for mental health related issues and was admitted to the behavorial unit six times in about two years. His mother had him at a very young age, and struggled with her own mental health issues. His childhood was troubled and combined with the mental health struggles and behavior issues, this all caused turmoil in the household. Further he was exposed to drugs, guns and crime at a very young age by his own family and family friends.

### 4. Unwarranted Disparities

None known.

### 5. Restitution

Pursuant to the PSR, there is non applicable. Mr. White does not have the ability to pay a fine.

## CONCLUSION

Mr. White was 18 years old when this occurred, and presents very young. He has mental health issues and physical issues. He accepted responsibility and wants to have a productive life. He requests, if the court feels prison is necessary, a 24 month prison sentence or less based on a departure or variance. Or in the alternative, and more preferably, he requests a sentence of probation.

Under careful review, this is a case where prison would probably do more harm than good. As noted in the PSI, "age appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in the appropriate case, the court may consider whether a form of punishment other than imprisonment might be

sufficient to meet the purpose of sentencing." (PSI ¶ 127 and 128). Based on his background and personality, Mr. White would come out of prison traumatized and probably a victim. He has been doing well out on house arrest/monitoring since the beginning of the case and engaged in therapy. He has been polite and engaged throughout this entire process.

Based on all of the above, a sentence of probation would be a fair resolution to this matter. Mr. White thanks this honorable Court for its time in considering his circumstances and this case.

Respectfully submitted,

*s/ Timothy J McKenna*
Timothy J. McKenna
125 East Court, suite 950
Cincinnati, OH 45202
Phone: 513-381-7111
Fax: 513-579-1710
Counsel for Defendant

## CERTIFICATION

I hereby certify that I have this served a copy of the foregoing though the Court's ECF system on the attorneys of record.

Respectfully submitted,

*s/ Timothy J McKenna*