# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.: 1:24-CR-00047** |
| | : | |
| Plaintiff, | : | **JUDGE BARRETT** |
| | : | |
| v. | : | **SENTENCING MEMORANDUM** |
| | : | **OF THE UNITED STATES** |
| | : | |
| **ANTONIO WHITE,** | : | |
| | : | |
| Defendant. | : | |

The defendant, Antonio White, attempted to traffick in firearms, possessed a machinegun conversion device, and also possessed a firearm in a school zone. The parties have entered into an A plea agreement. The government recommends a total sentence of 48 months (42 months followed by 6 months consecutive for the school zone count). The sentence is sufficient but not greater than necessary to reflect the seriousness of the offenses, promote just punishment, and afford adequate deterrence.

## BACKGROUND

The case against White stemmed from an investigation into firearms traffickers in the Cincinnati area.

In April 2024, law enforcement officers with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and the Cincinnati Police Department coordinated multiple controlled buys of firearms from White. (PSR, ¶ 17) In a span of approximately two weeks, White engaged in at least six different sales of 8 firearms, including one "ghost

gun" equipped with a machinegun conversion device. (*Id.*) White believed that these guns were being taken to Chicago to have their serial numbers obliterated in order for them to be sold to gang members (*Id.* at ¶ 18)[1] On the date of his arrest, White possessed a Glock 19 9mm pistol in the vicinity of Dohn Community High School at 133 W 4th St. in Cincinnati. (*Id.* at ¶ 19). The firearms involved in his transactions affected interstate commerce. (*Id.* at ¶ 4).

On May 9, 2024, an eight-count Indictment was returned against White charging him with six counts of Attempted Trafficking in Firearms (Counts 1-6), Illegal Possession of a Machinegun (Count 7), and Possession of a Firearm in a School Zone (Count 8). (PSR, ¶¶ 1-4). On September 26, 2024, White pled guilty to Count 5, Count 7, and Count 8 of the Indictment. (*Id.* at ¶ 8). There are two objections from the defendant as to the PSR, and the matter is scheduled for sentencing on March 5, 2025.

## LEGAL STANDARD

The Sentencing Guidelines "should be the starting point and the initial benchmark for choosing a defendant's sentence." *United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020) (internal quotations omitted). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007).

---

[1] 3 firearms were purchased before the out-of-state destination and recipients were made clear to White.

Then, the Court is required to consider the sentencing factors outlined in 18 U.S.C. § 3553(a). These factors include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) . . . the sentencing range established . . . [by the Guidelines];
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the day of sentencing[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court should impose a sentence sufficient but not greater than necessary to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a).

## ARGUMENT

A. **Sentencing Guidelines Calculation**

The United States agrees with the Guidelines range calculated in the PSR, which gives a Guidelines imprisonment range of 78 - 97 months, based on a total offense level 28 and criminal history category I.

The PSR assigns a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B)(i)(II) and (ii)(II) because the offense involved a firearm described in 26 U.S.C. § 5845(a) and the defendant was convicted under 18 U.S.C. § 933. (PSR, ¶ 30). The PSR correctly applies a four-level increase in offense level under U.S.S.G. § 2K2.1(b)(1)(B) because the offense involved more than eight but less than twenty-four firearms. (*Id.* at ¶ 31). The PSR correctly applies a two-level increase in offense level under U.S.S.G. § 2K2.1(b)(4)(A) because one firearm that White sold was reported stolen. (*Id.* at ¶ 32). The PSR correctly applies a five-level increase in offense level under 2K2.1(b)(5)(C)(i)(III) because White sold two or more firearms knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual who intended to use or dispose of the firearms unlawfully. (*Id.* at ¶ 33). Therefore, White's adjusted offense level is 31. (*Id.* at ¶ 37). White receives a three-point reduction for acceptance of responsibility, resulting in a total offense level of 28. (*Id.* at ¶¶ 39-41). White received zero criminal history points, placing him in criminal history category I. (*Id.* at ¶ 47.) The resulting Guidelines imprisonment range is 78 to 97 months. (*Id.* at ¶ 104.)

In terms of the two objections lodged by the defendant, the government agrees with the PSR's responses to the objections and reiterates that the PSR properly calculated White's Guidelines range. (Addendum).

**B. Analysis of the 18 U.S.C. § 3553(a) Factors**

The government's recommended sentence of 48 months imprisonment – a sentence below White's Guidelines range – is sufficient but not greater than necessary and is supported by the 18 U.S.C. § 3553(a) factors.

***The nature and circumstances of the offense***. The nature and circumstances of the instant offense support the government's recommended sentence.

Simply put, White was trafficking in firearms at an alarming rate and frequency. In total, White sold 11 firearms, 1 machinegun conversion device, 115 rounds of ammunition, a bulletproof vest, 2 extended pistol magazines, and a 50-round drum. Most of these items were sold after White understood that these firearms, ammunition, and attachments were supposedly being transported out-of-state to have serial numbers obliterated for gang members. Despite the peripheral prospect of gang involvement, White appeared to be selling the firearms just to make cash quickly and not for any gang-related reason.

Certain offense conduct from White was especially problematic. On April 23, 2024, he sold a Polymer P80 9mm pistol with no serial number. That gun also had a machinegun conversion device, or "switch", attached to it. The dangerous nature of such a weapon cannot be overstated, not just for its fully-automatic firing mechanism but also due to the difficulty of tracing such a weapon.

5

Additionally, on April 25, 2024, White was found in possession of a Glock 19 9mm pistol just outside of Dohn Community High School in downtown Cincinnati. Law enforcement understood that White had the firearm on him while he was inside the school as well. This Court is fully aware of the ongoing scourge of gun violence in schools, and White's conduct put students and staff at an unacceptable risk. The nature and circumstances of White's conduct are serious and merit a term of imprisonment.

***History and characteristics of the defendant***. White's history and characteristics further support the recommended sentence. White has no adult criminal history. White is 19 years old and has limited education or vocational trainings. White appears to have several mental health related issues that have potentially impacted his learning ability as well. The government's recommended sentence, which will allow for treatment while on supervised release, is supported by White's conduct but takes into account his personal history and lack of adult criminal convictions.

***The need for the sentence imposed***. The government's recommended sentence will also serve the need for the sentence imposed. A 48-month sentence would promote respect for the law and reflects the seriousness of White's conduct, especially in light of the number of firearms he sold and his sale of a ghost gun equipped with a machinegun conversion device.

*Guidelines, unwarranted sentencing disparities, and policy statements.*

The recommended 48-month sentence is below White's applicable Guidelines range but takes into account the specific facts and circumstances of White's case. Furthermore, the government's recommended sentence will not result in unwarranted sentencing disparities. Finally, the government has not identified any pertinent policy statements that would counsel against a term of imprisonment in this case.

According to the United States Sentencing Commission's Judiciary Sentencing Information ("JSIN"), in the last five fiscal years, 16 defendants had a primary guideline of §2K2.1 with a Final Offense Level of 28 and a Criminal History Category of I. *See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last checked, February 28, 2025). 16 defendants (100%) "received a sentence of imprisonment in whole or in part [and] the average length of imprisonment was 68 month(s) and the median length of imprisonment was 60 month(s)." *Id*. The government's recommended sentence of 48 months for White falls below the medians, but it takes into account the specific facts and circumstances of his present case, his personal history, and his criminal history.

## **CONCLUSION**

For the foregoing reasons, the United States asks the Court to sentence White to a sentence of 48 months imprisonment, followed by three years of supervised release, and the mandatory $300 special assessment.

Respectfully Submitted,

KELLY A. NORRIS
ACTING UNITED STATES ATTORNEY

*/s/Ryan A. Keefe*

RYAN A. KEEFE (MA 687613)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Phone: (513) 684-3711
Fax: (513) 684-6385
Ryan.keefe@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed via the Court's CM/ECF system this 28th day of February 2025, and has been electronically served upon all counsel of record.

/s/ Ryan A. Keefe
RYAN A. KEEFE (MA 687613)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202